**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30004
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERBERT LEE HUGHES,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(CV-93-1457)

September 3, 1996

Before POLITZ, Chief Judge, DAVIS and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

Herbert Hughes appeals the rejection of his 28 U.S.C. § 2255 motion for

relief from his conviction and sentence for possession with intent to distribute

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2;

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Proceeding *pro se* and *in forma pauperis* Hughes claims a double jeopardy violation because of a subsequent civil forfeiture; seeks the vacating of his sentences because of ineffective assistance of counsel; error in the sentencing calculations; a wrongful charge of carrying a weapon in relation to a drug transaction; an erroneous consideration of a prior conviction for which a pardon had issued; and a selective prosecution. Hughes sought to supplement the record by attaching certain exhibits to his brief; the government moves to strike same.

The double jeopardy complaint is foreclosed by the recent Supreme Court decision in **United States v. Ursery.**[1] The complaint under section 924(c), however, has merit. The government candidly concedes that the sentence imposed under Count Two should be vacated and the matter should be remanded for consideration under the intervening decision in **Bailey v. United States**.[2] This conviction is, accordingly, vacated; on remand the district court must determine whether Hughes was "carrying" the weapon under section 924(c) as explicated by

---

[1] 1996 WL 340815.

[2] _____ U.S. _____, 116 S.Ct. 501 (1995).

the Supreme Court.

Hughes advances several challenges to the district court's application of the sentencing guidelines. These issues are not cognizable in a section 2255 proceeding but should have been raised on direct appeal.[3]

Nor do we find any merit in Hughes' claim of selective prosecution. An essential requirement of such a challenge is a showing that the "prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights."[4] No such allegations were made; no such proof was advanced.

Nor do we find any merit in the claims of ineffective assistance of counsel. Hughes must affirmatively prove prejudice. In light of today's holdings on his several challenges this cannot be done herein.

Finally, in light of today's disposition, the government's motion to strike certain documents from the record is moot and it is, accordingly, denied.

The judgment appealed is AFFIRMED IN PART, VACATED IN PART, and

---

[3]See **United States v. Vaughan**, 955 F.2d 367 (5th Cir. 1992); **United States v. Capua**, 656 F.2d 1033 (5th Cir. 1981).

[4]**United States v. Garth**, 773 F.2d 1469, 1476 (5th Cir. 1985), cert. denied, 476 U.S. 1140 (1986).

REMANDED.